## GALVESTON TERM, 1890.

### S. P. R'Y CO. v. JOHNSON & WIMBISH.

#### (No. 2772.)

APPEAL from De Witt County.　Opinion by WHITE, P. J.

STOCKDALE & PROCTOR, counsel for appellant. ·

FLY & DAVIDSON, counsel for appellees.

§ 45. *Strike on railroad; liability of railroad company for delay, etc., in case of; case stated.*　Appellees sued the railroad company for damages in the depreciation in value of a lot of sheep shipped over appellant's line of road, and the loss by death of some of said sheep, and the extra expense incurred in feeding said sheep while delayed at Rosenberg Junction, a station *en route,* all of said damages being occasioned by the negligence of the defendant company, its agents and employees.　In answer to the suit the defendant company pleaded a general denial, and specially that the delay which occasioned the damages complained of was brought about by a "strike" of employees upon the next succeeding connecting line of railroad, over which defendant had and could exercise no control; that said strike suspended all operation of and running of trains upon said connecting line.　Plaintiffs demurred to said answer, and, the demurrer being sustained, defendant refused to further amend, and the case was tried and resulted in a judgment for plaintiffs (appellees).

The main preliminary question on this appeal is the correctness of the ruling of the court below in sustaining plaintiffs' demurrer and striking out defendants' answer

setting up the "strike" as a defense. It was error to sustain said demurrer. The defendants may show in defense that they could not deliver the freight in a shorter time, "owing to interference with the operation of the road by strikers and their confederates." [Railway Co. v. Tisdale, 74 Tex. 8; Railway Co. v. Levi, 3 Civil Cas. Ct. App., § 441.]

January 15, 1890.    Reversed and remanded.